# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMA BAHATI BERNARD,<br>Inmate Booking No. 19764329,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SAN DIEGO SHERIFF DEP'T;<br>SHERIFF DEPUTY MORA,<br><br>　　　　　　　　　Defendants. | Case No.: 20-cv-01176-BAS-RBM<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**(2) DISMISSING SAN DIEGO SHERIFF DEPARMENT FOR FAILURE TO STATE A CLAIM;**<br><br>**AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE ON DEFENDANT MORA** |

Plaintiff Ama Bahati Bernard, incarcerated at the San Diego Central Jail ("SDCJ"), has filed a *pro se* Complaint under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff has not prepaid the $400 civil filing fee required to commence a civil action pursuant to 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("Motion for IFP" or "Motion") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2).

## I.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).[1] *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP motion, Plaintiff has submitted a Prison Certificate authorized by a SDCJ official attesting to his balances and deposits over the 6-month period preceding the filing of his Complaint. (*See* Mot. at 4, 6.) These statements show that Plaintiff has carried no monthly average and has had no money deposited to his account for the 6-month period preceding the filing of this action. Consequently, his available balance at the time of filing was zero. (*See* ECF No. 2 at 4.)

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Therefore, the Court grants Plaintiff's Motion to Proceed IFP.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").  The Court further declines to "exact" any initial filing fee because Plaintiff's trust account statement shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Watch Commander for the SDCJ to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).  *See id.*

## II.     SCREENING

Because Plaintiff is a pre-trial detainee and is proceeding IFP, his Complaint requires a pre-answer screening which the Court conducts *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Under these statutes, the Court must dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir.2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**A.    Factual Allegations**

Plaintiff claims that on January 28, 2020, his "ring was stolen off [his] finger" while he was housed at SDCJ. (Compl. at 3.) However, Sergeant Ceballos[2] "disputed" Plaintiff's claim, maintaining that Plaintiff had "gained more muscle" and if he had a worn a ring it would have "left an imprint." (*Id.*) Plaintiff claims that his property was "discarded by deputies." (*Id.*)

"During a lock down, Deputies entered the dormitory" and told detainees to "close their doors." (*Id.* at 4.) Plaintiff demonstrated to the Deputies that he was unable to close his cell door because it was "locked in the open position." (*Id.*) Deputy Mora "approached" Plaintiff's cell and Plaintiff told him that the "door was locked open." (*Id.*) Mora "put his hand" on Plaintiff's elbow and "lifted it as if to try [and] dislocate [Plaintiff's] shoulder." (*Id.*)

As Plaintiff was "turn[ing] to tell him he is harming [Plaintiff] unnecessarily," Plaintiff was "punched [with] a closed fist multiple times." (*Id.*) Plaintiff was "handcuffed at the hands [and] feet]" following the "unprovoked" assault by Mora. (*Id.*) Plaintiff claims Mora then placed him in a "carotid restraint" causing Plaintiff to choke. (*Id.*)

---

[2] Ceballos is not a named Defendant.

Plaintiff seeks injunctive relief, $102,000 in compensatory damages, $102,000 in punitive damages, and $50,000 in attorney fees.  (*See id.* at 7.)

### B.     San Diego Sheriff's Department

To the extent that Plaintiff names the "San Diego Sheriff's Department," ("SDSD") as a Defendant, he fails to state a claim upon which § 1983 relief may be granted.  The Ninth Circuit has held that where a sheriff's department functions as the administrator of a local jail,[3] it "is a County actor, and that the County may therefore be subject to liability under 42 U.S.C. § 1983." *Streit v. Cty. of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001); *but see United States v. Kama*, 394 F.3d 1236, 1239–40 (9th Cir. 2005) (Ferguson, J., concurring) (finding that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983").[4]

The County of San Diego may be held liable under § 1983 only if Plaintiff alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom. *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).  Plaintiff does not state these facts in his Complaint; he only makes specific allegations of wrongdoing against Sheriff's Deputy Mora.  However, the County of San Diego may not be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully.  *See Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014).  Instead, Plaintiff must attribute his constitutional injury to the "execution of a government's policy or custom." *Monell*, 436

---

[3] It appears that the SDSD is the administrator of San Diego Central Jail.  *See* https://www.sdsheriff.net/DetentionFacilities/SDCJ.html; *see also Gerritsen v. Warner Bros. Entm't Inc.*, 112 F.Supp.3d 1011, 1033 (C.D. Cal. 2015) (holding that the court can take judicial notice of "public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies") (internal quotations omitted).

[4] The Court acknowledges but does not here address the considerable dispute surrounding the propriety of sheriff's departments as defendants in § 1983 actions. *See Estate of Osuna v. Cty. of Stanislaus*, 392 F. Supp. 3d 1162, 1170–71 n.2 (E.D. Cal. 2019).  For purposes of this Order, the Court assumes the SDSD is a proper party defendant to this action.

U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

Therefore, the Court dismisses all claims against the San Diego Sheriff's Department for failing to state a claim upon which § 1983 relief can be granted.

### C. Defendant Mora

However, the Court finds that Plaintiff's Complaint contains factual allegations against Defendant Mora sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because it alleges excessive force claims which are plausible on its face.[5]  *See Wilhelm*, 680 F.3d at 1123; *see also Iqbal*, 556 U.S. at 678; *Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Under *Kingsley*, a pretrial detainee, unlike a convicted prisoner, need not prove that the defendant subjectively knew that the force applied was excessive; that state-of-mind inquiry is "solely an objective one." *Id.* at 397; *Austin v. Baker*, 616 F. App'x 365, 366 (9th Cir. 2015); *cf. Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (when prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

Accordingly, the Court will direct the U.S. Marshal to effect service upon the named Defendant Mora on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. CONCLUSION AND ORDER

For the reasons explained, the Court:

---

[5] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [any individual defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

2. **DIRECTS** the SDCJ Watch Commander, or their designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). **All payments shall be clearly identified by the name and number assigned to this action**.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92101.

4. **DISMISSES** Defendant San Diego Sheriff's Department for Plaintiff's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant Mora. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendant Mora as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

7. **ORDERS** Defendant Mora, once he has been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any

jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant Mora, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.  Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED.**

**DATED: July 13, 2020**

Hon. Cynthia Bashant
United States District Judge