UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMA BAHATI BERNARD,<br>Inmate Booking No. 19764329,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SAN DIEGO SHERIFF'S DEP'T;<br>SHERIFF'S DEPUTY MORA,<br><br>　　　　　　　　　　　Defendants. | Case No.: 20-cv-01176-BAS-RBM<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

Plaintiff Ama Bahati Bernard filed this *pro se* action on June 25, 2020, alleging that his civil rights were violated by personnel at the facility where he presently resided, San Diego Central Jail ("SDCJ"). (ECF No. 1.) Despite being permitted to proceed with his case against Defendant Mora on July 14, 2020, Plaintiff has failed to keep the Court apprised of his current address and has consequently failed to timely serve Defendant Mora and comply with the Court's orders in this case. Accordingly, for the reasons discussed below, the Court exercises its inherent authority to dismiss Plaintiff's action.

**I.  BACKGROUND**

In its July 14, 2020 Screening Order, the Court found that Plaintiff had failed to state a claim against the San Diego Sheriff's Department but contained sufficient factual allegations against Defendant Mora to survive screening. (ECF No. 3.) The Court instructed Plaintiff to complete the USM Form 285s with Defendant Mora's information

and return them to the U.S. Marshals, who were directed to complete service. (*Id.*) A summons was issued the following day on July 14, 2020. (ECF No. 4.) On August 26, 2020, both the Screening Order and Summons were returned as undeliverable, noting that the mail was both "unclaimed" and "refused" at Plaintiff's address of record. (ECF No. 5.)

On November 5, 2020, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed on two grounds: Plaintiff's failure to timely notify the Court of his address under Civil Local Rule 83.11(b) and Plaintiff's failure to show that service on Defendant Mora had been completed in the 90-day period established by Federal Rule of Civil Procedure 4(m). (ECF No. 6.) Plaintiff was required to show cause by November 30, 2020 and warned that failure to timely file a response to this OSC would result in the Court dismissing this action.[1] (OSC at 2.)

## II. LEGAL STANDARD

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir.), *cert. denied,* 475 U.S. 829 (1986); *accord Link v. Wabash, R.R. Co.*, 370 U.S. 626, 630–31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") Although due process generally requires that the party have notice and the opportunity to be heard before dismissal, when a party may be said to have knowledge of the consequences of his failure to act, the court may dispense with the necessity for advance notice and a hearing. *Link*, 370 U.S. at 630-32.

"Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260. Therefore, to determine whether dismissal under its inherent authority is appropriate, "the district court must weigh

---

[1] The Court's OSC was not returned to the Court as undeliverable. However, a search using of the SDCJ's inmate locator (https://apps.sdsheriff.net/wij/wij.aspx) has not yielded any results for an individual named Ama Bahati Bernard.

five factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260–61 (internal quotations omitted).

Generally, these five factors weigh in favor of sua sponte dismissal where a plaintiff has failed to prosecute a case or comply with an order of the court. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Further, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

## III. ANALYSIS

After weighing the five factors below, the Court finds that dismissal of this action is warranted because Plaintiff has not demonstrated compliance with this district's Local Rules, the service requirements under the Federal Rules of Civil Procedure, and this Court's OSC.

### A. Public's Interest In Expeditious Resolution

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). In this case, Plaintiff's inaction has undermined expeditious resolution. First, this case has been pending for six months without the appearance of an adverse party or any demonstration by Plaintiff that the adverse party was properly served. Second, the Court's attempts to prompt Plaintiff to complete this step has been wholly impeded by Plaintiff's failure to either accept his mail at SDCJ or to update his address with the Court. The Court cannot await indefinitely Plaintiff's response to the Court's directive to file a proof of service or his compliance with the Local Rule requiring him to update his address. Thus, the Court finds that this factor weighs in favor of dismissal.

### B. Court's Need to Manage its Docket

In this case, Plaintiff has not shown that the adverse parties have been notified of the action against them. The Court nonetheless provided Plaintiff with another opportunity,

outside the 90-day time limit, to complete service. However, because Plaintiff has, again, either refused his mail or failed to keep the Court apprised of his current address, the Court has been unable to communicate this to him.

A district court is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. *Ash v. Cuetkov*, 739 F.2d 493, 496 (9th Cir. 1984). The Court finds that Plaintiff's failure to complete these fundamental steps has resulted in continued delays in the prosecution of this case and has "impermissibly allowed [P]laintiff to control the pace of the docket rather than the [C]ourt." *See Smith v. Cty. Of Riverside Sheriff Dep't*, No. ED CV 17-1969 DSF (SP), 2019 WL 7865170, at *3 (C.D. Cal. Nov. 18, 2019) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.")). Consequently, this factor also weighs in favor of dismissal.

### C. Prejudice to the Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "[T]he pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal." *Yourish*, 191 F.3d at 991; *accord Ash*, 739 F.2d at 496. However, "even in the absence of a showing of actual prejudice to the defendant," prejudice is presumed from unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994); *see also Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay.").

"Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). However, because Plaintiff has not been responsive to the Court's orders, Plaintiff's reasons for failing to prosecute the action are unknown. *See Garcia v. Fed. Bureau of Prisons*, No. 5:19-CF-00008-PSG-MAA, 2019

WL 6040412, at *4 (C.D. Cal. Oct. 21, 2019), report and recommendation adopted, No. 5:19-CF-00008-PSG-MAA, 2019 WL 6039943 (C.D. Cal. Nov. 12, 2019). Because the presumption of prejudice arises from a plaintiff's unexplained failure to prosecute, the third factor favors dismissal. *See id.* at *4 (citing *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002)).

### D.     Public Policy

Public policy favors disposition of cases on the merits. *Pagtalunan*, 291 F.3d at 643. The Court recognizes that this factor weighs against dismissal.

### E.     Availability of Less Drastic Alternatives

This factor examines whether less drastic alternatives to dismissal are feasible given the circumstances of the case. *In re Eisen*, 31 F.3d at 1455. "[A] district court's warning to a party that [its] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262.

As stated above, the Court has made an effort to reach Plaintiff at his address of record. Because Plaintiff has not informed the Court about any other addresses where he can be reached, the Court finds that less drastic alternatives to dismissal are not available in these circumstances. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (concluding that there was no less drastic sanction available than dismissal where mail addressed to plaintiff was returned by the post office as undeliverable and plaintiff did not provide updated address to court). As a result, this factor weighs in favor of dismissal.

On balance, four out of five factors weigh in favor of dismissal. Accordingly, the Court exercises its inherent authority to dismiss Plaintiff's complaint without prejudice. *See O'Brien v. Visa USA, Inc.*, 225 F. App'x 677, 678 (9th Cir. 2007) (unpublished) (affirming dismissal for failure to prosecute where plaintiff "did not establish that he served process on any defendant within" the time period prescribed in Rule 4(m)); *Shakar R. v. Saul*, No. 5:19-01716 FMO (ADS), 2020 WL 2319877, at *1 (C.D. Cal. May 11, 2020) (dismissing for failure to file a proof of service or comply with an OSC requiring the same); *Turner v. Cortez*, No. 1:11-CV-00884-BAM PC, 2012 WL 3132671, at *2 (E.D. Cal. July

31, 2012) (dismissing action because plaintiff did not notify the court of his change of address).

### IV. CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this civil action in its entirety based on Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The Court Clerk is directed to close this case.

**IT IS SO ORDERED.**

**DATED: January 5, 2021**

Hon. Cynthia Bashant
United States District Judge